UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ALEXANDER GOMEZ

                                    Plaintiff,

                                                                    5:20-CV-633
v.                                                                  (TJM/TWD)

MARK ZUCKENBURG,
FACEBOOK, INC,

                                    Defendant.
_____

APPEARANCES:

ALEXANDER GOMEZ
Plaintiff, *pro se*
222 Burdick Avenue
Apartment 2
Syracuse, New York 13208

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER AND REPORT-RECOMMENDATION

Alexander Gomez ("Plaintiff") filed an action against Mark Zuckerberg and Facebook

Inc. ("Defendants") alleging he is no longer able to log into his old Facebook account or create a

new account.  (Dkt. No. 1.)  Currently before the Court is Plaintiff's application to proceed *in

forma pauperis* ("IFP Application").  (Dkt. No. 2.)  As noted herein, the Court grants Plaintiff's

IFP Application, necessitating further review relative to whether the pleading meets 28 U.S.C.

§ 1915(e)'s sufficiency standards.  For the reasons discussed below, the Court recommends

Plaintiff's complaint be dismissed with leave to amend.

## I.      IFP APPLICATION

A court may grant *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action.  28 U.S.C. § 1915(a)(1).  After reviewing Plaintiff's IFP Application (Dkt. No. 2), the Court finds he meets this standard.  Therefore, his IFP Application is granted.

## II.     SUFFICIENCY OF THE COMPLAINT

### A.      Standard of Review

28 U.S.C. § 1915(e) directs that when a person proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted . . . ."  28 U.S.C. § 1915(e)(2)(B)(ii).

To survive dismissal for failure to state a claim, a complaint must plead enough facts to state a claim that is "plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation."  *Id*. In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor."  *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*.

A *pro se* litigant's pleadings are held to a less strict standard than attorney drafted pleadings.  *See Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008) ("Even in the formal litigation context, *pro se* litigants are held to a lesser pleading standard than other parties."). Because plaintiff is proceeding *pro se*, the Court construes her pleadings "to raise the strongest arguments that they suggest."  *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (per curiam) (internal quotation marks omitted).  However, this "does not exempt a [*pro se* litigant] from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).  Moreover, a court should not dismiss a *pro se* complaint "without giving leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted).  However, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

     **B.**     **Summary of the Complaint**

According to Plaintiff, Defendants are preventing him from logging into his old Facebook account or opening a new account.  (Dkt. No. 1 at 4.)  He asserts his difficulties with Facebook started after President Donald Trump issued Executive Order 13925[1] ("EO 13925"). *Id*.  Plaintiff alleges that, after the EO 13925 was signed into law, every time he tried to open a new account, he received a message stating his account "has been disabled for going against Facebook guidelines."  *Id.*  Plaintiff states he never abused Facebook and does not understand

---

[1]  Preventing Online Censorship, 85 Fed. Reg. 34079 (May 28, 2020).  EO 13295 is available at https://www.federalregister.gov/documents/2020/06/02/2020-12030/preventing-online-censorship.

what guidelines he violated.  *Id.*  He asserts Facebook targeted him with no "legal or policy violating reason."  *Id*.  Based on the above allegations, Plaintiff contends he is "entitled to the complete removal of [Facebook] and/or punitive damages in the amount of $145,000,000."  *Id.*

    **C.**    **Discussion**

Plaintiff asserts his claim arises under EO 13925 for purposes of asserting subject matter jurisdiction pursuant to 28 U.S.C. § 1331.  (Dkt. No. 1 at 3.)  On May 28, 2020, President Donald Trump issued EO 13925 to address internet platforms deleting content and entire accounts of users for improper motives.  EO 13925's primary purpose was to clarify the scope of immunity created by section 230(c) of the Communications Decency Act ("Section 230(c)").  *See* 47 U.S.C. § 230(c).  Section 230(c) was designed to address early court decisions holding that, if an online platform restricted access to some content posted by others, it would thereby become a "publisher" of all the content posted on its site for purposes of torts such as defamation.  In particular, Section 230(c) subsection (2) expressly addresses protections from "civil liability" and specifies that an interactive computer service provider may not be made liable "on account of" its decision in "good faith" to restrict access to content that it considers to be "obscene, lewd, lascivious, filthy, excessively violent, harassing or otherwise objectionable."  *Id*. at (c)(2).  EO 13295 clarified that "[it] is the policy of the United States to ensure . . . [Section 230(c)] is not distorted to provide liability protection for online platforms that—far from acting in 'good faith' to remove objectionable content—instead engage in deceptive or pretextual actions (often contrary to their stated terms of service) to stifle viewpoints with which they disagree."  85 Fed. Reg. 34079 at 34080.

Given EO 13925's purpose and impact, the Court is unclear how it provides Plaintiff with a cause of action against Defendants.  Even assuming Facebook removed his account without a

"good faith" reason to do so, EO 13925, at best, would provide a basis for a defamation plaintiff to argue Facebook is not entitled to protection under Section 230(c). However, EO 13925 was not intended to—and specifically precluded—a private right of action for individuals who assert an online platform targeted their accounts. To that end, EO 13925, Section 8(c) provides "[t]his order is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, *or any other person*." *Id*. at 34083 (emphasis added). Thus, the Court finds EO 13925 does not provide a basis for Plaintiff's claim even if Defendants arbitrarily removed his account or prevented him from creating a new account. Therefore, the complaint does not suggest any claims "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and, the Court does not have federal question jurisdiction over the action.[2]

## III.   CONCLUSION

For the reasons stated above, the Court grants Plaintiff's IFP application but recommends Plaintiff's complaint be dismissed without prejudice and with leave to replead.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's IFP Application (Dkt. No. 2) is **GRANTED** solely for purposes of initial review; and it is further

**RECOMMENDED** that Plaintiff's complaint (Dkt. No. 1) be **DISMISSED WITHOUT PREJUDICE** and **WITH LEAVE TO AMEND**, and it is further

---

[2] Given Plaintiff's *pro se* status, the Court also considered whether his complaint plausibly suggested a state breach of contract claim against Defendants for disabling his account without justification and for discriminatory reasons. However, the Court finds his complaint is devoid of adequate factual allegations to sustain such a claim.

**ORDERED** that the Clerk provide Plaintiff with a copy of this Order and Report-Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[3]  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).

Dated: July 23, 2020
　　　　Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

---

[3]  If you are proceeding *pro se* and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. 6(a)(1)(C).