**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ALEXANDER GOMEZ,**

                **Plaintiff,**

    v.                                         **5:20-CV-633**
                                             **(TJM/TWD)**

**MARK ZUCKENBURG,**[1]
**FACEBOOK, INC.,**

                **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

# DECISION and ORDER

## I. INTRODUCTION

This *pro se* action was referred to the Hon. Thérèse W. Dancks, United States Magistrate Judge, to review Plaintiff's *in forma pauperis* application and for an initial review of the Complaint pursuant to 28 U.S.C. § 1915(e). Judge Dancks issued an Order and Report-Recommendation recommending that Plaintiff's complaint be dismissed without prejudice and with leave to amend. Dkt. No. 3. No objections to the Order and Report-Recommendation have been filed, and the time to do so has expired.

## II. DISCUSSION

Plaintiff filed this action against Mark Zuckenberg and Facebook Inc. ("Defendants")

---

[1]The Court presumes Plaintiff intended to sue Mark Zuckerberg, the co-founder of Facebook who serves as its chairman, chief executive officer, and controlling shareholder. *See* https://en.wikipedia.org/wiki/Mark_Zuckerberg (accessed 12/02/20).

1

alleging he is no longer able to log into his old Facebook account or create a new account. Dkt. No. 1 at 4. He asserts his difficulties with Facebook started after President Donald Trump issued Executive Order 13925, *Preventing Online Censorship*, 85 Fed. Reg. 34079 (May 28, 2020) ("EO 13925"). *Id.* Plaintiff alleges that after EO 13925 was signed into law, every time he tried to open a new account he received a message stating his account "has been disabled for going against Facebook guidelines." *Id.* Plaintiff states he never abused Facebook and does not understand what guidelines he violated. *Id.* He asserts Facebook targeted him with no "legal or policy violating reason." *Id.* Based on these allegations, Plaintiff contends he is "entitled to the complete removal of [Facebook] and/or punitive damages in the amount of $145,000,000." *Id.* Plaintiff asserts his claim arises under EO 13925 for purposes of asserting subject matter jurisdiction pursuant to 28 U.S.C. § 1331. *Id.* at 3.

As Judge Dancks correctly explained, EO 13925's primary purpose was to clarify the scope of immunity created by section 230(c) of the Communications Decency Act ("Section 230(c)"). Order & Rep.-Rec., at 4 (citing 47 U.S.C. § 230(c)). "Section 230(c) subsection (2) expressly addresses protections from 'civil liability' and specifies that an interactive computer service provider may not be made liable 'on account of' its decision in 'good faith' to restrict access to content that it considers to be 'obscene, lewd, lascivious, filthy, excessively violent, harassing or otherwise objectionable.'" *Id.* (quoting 47 U.S.C. § 203(c)(2)). "EO 13295 clarified that '[it] is the policy of the United States to ensure . . . [Section 230(c)] is not distorted to provide liability protection for online platforms that—far from acting in 'good faith' to remove objectionable content—instead engage in deceptive

2

or pretextual actions (often contrary to their stated terms of service) to stifle viewpoints with which they disagree.'" *Id.* at 5 (quoting 85 Fed. Reg. 34079 at 34080). "However, EO 13925 was not intended to—and specifically precluded—a private right of action for individuals who assert an online platform targeted their accounts." *Id.* (citing 85 Fed. Reg. 34079 at 34083 ("This order is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person.").  Thus, Judge Dancks correctly concluded that "EO 13925 does not provide a basis for Plaintiff's claim even if Defendants arbitrarily removed his account or prevented him from creating a new account.  Therefore, the complaint does not suggest any claims 'arising under the Constitution, laws, or treaties of the United States,' 28 U.S.C. § 1331, and, the Court does not have federal question jurisdiction over the action." *Id.*

As indicated above, Plaintiff filed no objections to the Order and Report-Recommendation.  After examining the record, this Court has determined that the Order and Report-Recommendation is not subject to attack for plain error or manifest injustice.

### III. CONCLUSION

For the reasons stated above, the Court **ACCEPTS** and **ADOPTS** the Order and Report-Recommendation (Dkt. No. 3) for the reasons stated therein.

**ACCORDINGLY**, it is hereby

**ORDERED** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE** and **WITH LEAVE TO AMEND**, and it is further

**ORDERED** that Plaintiff is given leave of thirty (30) days from the date of this

Decision and Order in which to file an amended complaint. If he fails to timely do so, the case will be closed without further order of the Court.

**IT IS SO ORDERED.**

Dated: December 3, 2020

Thomas J. McAvoy
Senior, U.S. District Judge